FILED
OCT 15 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OLABISI ARIGBON

CV. 09-311-PK

OPINION AND ORDER

          Plaintiff,

v.

MULTNOMAH COUNTY

          Defendant.

PAPAK, Magistrate Judge:

      Plaintiff Arigbon filed this action alleging that defendant Multnomah County engaged in racial and pregnancy discrimination when it terminated her employment after she requested medical leave due to pregnancy related illness and complained that she was treated differently than a white case manager with the same seniority. Arigbon asserts eight claims for relief, including pregnancy and race discrimination and retaliation in violation of Title VII; interference with the Oregon Family Leave Act and retaliation in violation of Or. Rev. Stat. § 659A.183; race and gender discrimination and retaliation in violation of Or. Rev. Stat. § 659A.030(1); and

OPINION AND ORDER – PAGE 1

wrongful discharge under common law. This court has jurisdiction under 28 U.S.C. §§ 1331, 1343 and 1367. Arigbon's Motion to Quash Subpoena of Plaintiff's IRCO Employment Records, or in the alternative, Motion for Protective Order (#20); Motion to Quash Subpoena of Plaintiff's Quality Janitorial Service Employment Records, or in the alternative, Motion for Protective Order (#23); and Motion to Quash Subpoena of Plaintiff's Vermont Hills Employment Records, or in the alternative, Motion for Protective Order (#26) are now before the court.

## BACKGROUND

Multnomah County served subpoenas on four of Arigbon's former employers, seeking "employment applications, employment evaluations, payroll records, time cards, time loss documentation, absence request forms, discipline files, supervisor files, medical records, medical bills . . . and all other documents and items relating to Olabisi Arigbon." Multnomah County served a subpoena on the State of Oregon, where Arigbon worked from October 2005 to April 2007, before she commenced employment with Multnomah County. In addition, the County subpoenaed records from: the Immigrant and Refugee Community Organization, where Arigbon worked four years ago, from August 2004 until August 2005; Vermont Hills Family Life Center, where Arigbon worked more than five years ago, from August 2002 until December 2003; and Quality Janitorial Services, where Arigbon worked more than seven years ago, from January 1999 until February 2002. Arigbon seeks to quash the County's subpoenas to her former employers, with the exception of the subpoena to the State of Oregon.

**I.    Scope of Permissible Discovery, Generally**

Federal Civil Procedure Rule 26(b)(1) provides that "any matter, not privileged, that is relevant to the claim or defense of any party" is discoverable, and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

OPINION AND ORDER – PAGE 2

discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, the district courts have discretion to limit the scope of discovery if: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

## II. Motion to Quash

The Federal Rules of Civil Procedure grant authority in the district courts to quash a requested subpoena under specified circumstances, including, in relevant part, when the subpoena requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. Fed. R. Civ. P. 45(c). In determining the propriety of a subpoena, courts consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Heat and Control Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986). "Obviously, if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition undue." *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

## III. Motion for Protective Order

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" Fed. R. Civ. P. 26(c)(1). The party resisting discovery or seeking limitations may show "good cause" by demonstrating harm or

OPINION AND ORDER – PAGE 3

prejudice that will result from the discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002).

## ANALYSIS

A plaintiff has a legitimate privacy interest in the contents of her employment-related files. *Abu v. Piramco Sea-Tac, Inc.*, No. 08-1167, 2009 U.S. Dist. LEXIS 12626, at *5 (W.D. Wash. Feb. 5, 2009). Moreover, public policy militates against disclosure of personnel files because it might discourage candid employee performance evaluations, breach employees' expectations of confidentiality and cause morale problems. *In Re Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Hi. 1980).

Courts, however, have compelled production of personnel files where the party seeking the information has shown that the information is relevant and not otherwise available. Thus, in *Abu* the court denied the plaintiff's motion for a protective order forbidding discovery of her personnel files where the information was relevant to plaintiff's credibility because she had excluded a prior employer on her employment application and to show causation of emotional distress. 2009 U.S. Dist. LEXIS 12626, at *6. The court, however, granted plaintiff's protective order with regard to information regarding employee benefits and payroll records because the defendant failed to show that benefits information was relevant and could obtain compensation information through less intrusive means. *Id.* at *5; see also *Sirota v. Penske Truck Leasing Corp.*, No. 05-3296, 2006 U.S. Dist. LEXIS 15763, at *7 (N.D. Cal. Mar. 17, 2006) (denying plaintiff's motion to quash subpoena of employment records, despite California's recognition of a limited privacy right in such records, because the records were relevant to plaintiff's employment discrimination claim, the defendant limited his requests to the two most recent employers, and plaintiff's privacy interest was reduced by his decision to file suit); *In Re Hawaii*

OPINION AND ORDER – PAGE 4

*Corp.*, 88 F.R.D. at 525 (allowing discovery pursuant to a protective order where the material sought is "clearly relevant" and "the information sought is not otherwise obtainable").

Here, Multnomah County contends that Arigbon's personnel files are relevant to show whether she was qualified to perform her duties for her position as a case manager with the County. The County notes that Arigbon represented in her employment application that she had five years of experience in the social service sector. In addition, the County contends that the employment records are relevant to Arigbon's future earning capabilities and credibility.

The records from Quality Janitorial Services bear little, if any, relevance to the present case. Arigbon worked for Quality Janitorial Services more than seven years ago and had responsibilities unrelated to the work she performed for the County. Moreover, the County can point to no information suggesting records from Quality Janitorial in any way relate to Arigbon's credibility. I therefore grant Arigbon's motion to quash the subpoena served on Quality Janitorial Services.

Although the remaining two subpoenas seek information that bears more relevance to the present case, they request information beyond Arigbon's skills, experience, compensation and credibility or information that the County may more easily acquire elsewhere. The subpoenas, for example, seek time cards and time loss documentation, absence request forms, medical records and medical bills. In addition, the subpoenas seek payroll records, although information concerning Arigbon's compensation, can be obtained from Arigbon herself. I therefore grant Arigbon's motion for a protective order. The subpoenas may only seek employment applications, employment evaluations, discipline files or supervisor files. In addition, the following conditions apply to the County's use of those records:

1. The records are solely for the use of the County's counsel in this litigation, and for no

OPINION AND ORDER – PAGE 5

other purpose;

2. No additional copies, extracts, summaries or other material prepared from the records shall be made except by counsel or persons acting under the direction and control of counsel, and then only for the purposes stated herein;

3. Any document or information contained in the records must be filed under seal;

4. At the conclusion of this litigation, all copies, extracts, summaries and other materials prepared from the records must be returned to the employer that produced those records or destroyed.

## CONCLUSION

Arigbon's Motion to Quash Subpoena of Plaintiff's Quality Janitorial Service Employment Records (#23) is granted. Arigbon's Motion to Quash Subpoena of Plaintiff's IRCO Employment Records (#20) and Motion to Quash Subpoena of Plaintiff's Vermont Hills Employment Records (#26) are denied. Arigbon's alternative Motion for Protective Order regarding IRCO Employment Records (#20) and alternative Motion for Protective Order regarding Vermont Hills Employment Records (#26) are granted as set forth herein.

IT IS SO ORDERED

Dated this 15th day of October, 2009.

*Paul Papak*
Honorable Paul Papak
United States Magistrate Judge