FILED

NOV 1 0 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OLABISI ARIGBON                                        CV. 09-311-PK

                                                       OPINION AND ORDER

                          Plaintiff,

v.

MULTNOMAH COUNTY

                          Defendant.

_____

PAPAK, Magistrate Judge:

        Plaintiff Arigbon filed this action alleging that defendant Multnomah County engaged in

race and gender discrimination when it terminated her employment.  This court has jurisdiction

under 28 U.S.C. §§ 1331, 1343 and 1367.  The County's Motion to Determine the Applicability

of Attorney-Client Privilege and Work-Product Protection (#40) is now before the court.  The

County's motion is denied, for the reasons set forth below.

                                    **BACKGROUND**

        In April 2008, Arigbon filed two complaints with the Bureau of Labor and Industries of

OPINION AND ORDER – PAGE 1

Oregon (BOLI) relating to her current claims against Multnomah County. Although the County

normally redacts privileged information when it produces documents, it did not follow its normal

practice when responding to the BOLI investigation, or else missed review of some documents.

As a result, the County provided emails to BOLI that it now claims are subject to attorney-client

privilege or work product protection.

In January and February 2009, Arigbon filed public records requests to obtain the records

of the BOLI investigation. She received the records in January and February 2009. The records

included the emails that the County now claims are privileged or protected.

In early May 2009, after it obtained its own copy of the BOLI investigation records, the

County discovered that it produced the emails at issue without redaction. Upon its discovery, the

County contacted BOLI by voice mail and email. The email asked BOLI to contact the County

to "discuss returning them to the County as well as not producing them to anyone else." The

County apparently did not inquire whether BOLI had already provided the records to others, nor

did it contact Arigbon.

In July and August 2009, Arigbon issued discovery requests, one of which specifically

referred to one of the emails at issue. In response, the County submitted several redacted emails,

many of which were the same emails that Arigbon obtained in unredacted form from the BOLI

file. In addition, on September 16, 2009, during settlement discussions, the County saw copies

of some of the emails that Arigbon had in her possession.

On October 2, 2009, after a new attorney assumed responsibility for the case, the County

contacted Arigbon's counsel in part to discuss the BOLI file. The County asserted that the BOLI

documents were privileged and asked Arigbon to return or destroy the documents. Arigbon

indicates that the County merely asked for a copy of the BOLI file.

OPINION AND ORDER – PAGE 2

The County filed a request for production of the BOLI files in Arigbon's possession on October 12, 2009. Before it received Arigbon's response, the County filed the present motion to determine applicability of attorney client privilege and work product protection.

## ANALYSIS

As an initial matter, I note that Arigbon did not obtain the emails at issue through a court-monitored discovery process, but rather received the emails in response to a public records request to a state agency. The County now asks the court for an order, pursuant to Federal Rule of Evidence 502, that the emails are protected by attorney-client or work-product privilege and that Arigbon must therefore return or destroy them. I assume, without deciding, that I have the authority to  order the relief that the County seeks and that the emails at issue are subject to attorney client privilege or work product protection. I focus my analysis on whether the County's disclosure to BOLI operates as a waiver and conclude that it does.

The burden of proving that a privilege has not been waived rests with the party asserting the privilege. *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). Courts generally find a waiver "only if the disclosure substantially increases the opportunity for potential adversaries to obtain the information." *See Pulse Eng'g, Inc. v. Mascon, Inc.*, No. 08-0595, 2009 U.S. Dist. LEXIS 92971, at *10 (S.D. Cal. Oct. 1, 2009). Moreover, in the case of involuntary disclosure, courts "find the privilege preserved if the privilege holder has made efforts reasonably designed protect and preserve the privilege." *United States v. De La Jara*, 973 F.2d 746, 750 (9th Cir. 1992); *see also* Fed. R. Evid. 502(b) (an inadvertent disclosure does not constitute a waiver if the holder of the privilege took reasonable steps to prevent disclosure and promptly took reasonable steps to rectify the error). Conversely, courts "deem the privilege to be waived if the privilege holder fails to pursue all reasonable means of preserving the

OPINION AND ORDER – PAGE 3

confidentiality of the privileged matter." *De La Jara,* 973 F.2d at 750 (finding waiver where defendant did nothing to recover the document or protect its confidentiality during the six-month interlude between its seizure and introduction into evidence).

Here, Multnomah County has failed to demonstrate that it took reasonable steps to prevent disclosure or to rectify the error once it learned of the disclosure. Multnomah County indicates that it has a procedure for preventing inadvertent disclosure but fails to explain why it failed to follow that procedure, particularly when it relinquished documents that would then be subject to public records requests. In addition, although the County notified BOLI when it learned of the disclosure, it took no immediate steps to address Arigbon's possible possession of the emails. Moreover, after Arigbon relied on the emails to draft portions of her discovery requests, the County waited months to address the matter. Under these facts, I find that the County has waived any privilege or protection that applied to the emails at issue.

## CONCLUSION

For the reasons set forth above, the The County's Motion to Determine the Applicability of Attorney-Client Privilege and Work-Product Protection (#40) is denied.

IT IS SO ORDERED

Dated this 10th day of November, 2009.

Honorable Paul Papak
United States Magistrate Judge

OPINION AND ORDER – PAGE 4